IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

Clarence Bailey,

    Plaintiff,

       v.                        CIVIL NO.: WDQ-11-1707

AmeriGas Propane, Inc.

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Clarence Bailey sued AmeriGas Propane, Inc. ("AmeriGas") for disability and age discrimination. Pending are AmeriGas's motion to dismiss and Bailey's motion for leave to amend the complaint. For the following reasons, Bailey's motion for leave to amend the complaint will be granted, and AmeriGas's motion to dismiss will be denied.

I. Background[1]

    AmeriGas is a Pennsylvania corporation that transports, stores, and sells propane in almost every state. Compl. ¶ 5. In May 2000, Bailey was hired as an AmeriGas driver in Hagerstown, Maryland. Compl. ¶ 11. In spring 2003 he became the service technician there. *Id.* In March 2006 he was

---

[1] For AmeriGas's motion to dismiss, the well-pled allegations in Bailey's complaint are accepted as true. See *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

transferred to Ranson, West Virginia, where he worked as the service supervisor. *Id.* Bailey reviewed job assignments, approved timesheets, inspected commercial systems, managed technicians, and occasionally assisted technicians in the field. Compl. ¶ 18.

In May 2008, Bailey underwent a partial discectomy for a herniated disc. Compl. ¶ 15. On August 13, 2008, he underwent a fusion. *Id.*

Bailey received short-term disability benefits until September 24, 2008. Compl. ¶ 16. Bailey then took leave without pay, under the Family Medical Leave Act (the "FMLA"),[2] until October 24, 2008. *Id.*

Bailey told his market manager, Don Lynch, that he could return to "light duty" on October 7, 2008. Compl. ¶ 17. Although Bailey's doctor restricted him to lifting no more than 10 pounds for 90 days, he was otherwise able to perform the essential functions of his job. *Id.* Lynch told Bailey that his commercial driver's license had expired, and Bailey would have to pass a physical exam before returning to work. Compl. ¶ 20. On October 9, 2008, Bailey passed the physical. Compl. ¶ 21.

AmeriGas hired a consultant to review the report of Bailey's physical. Compl. ¶ 22. The consultant told AmeriGas that Bailey should not be allowed to return to work because he

---

[2] 29 U.S.C. §§ 2601, *et seq.*

did not meet the lifting requirements under the commercial driver's license regulations. *Id.* The consultant's decision relied on the job description for service technician, which had a lifting requirement; the description of Bailey's position, service supervisor, does not. Compl. ¶ 23.

On October 24, 2008, Lynch organized a three-way phone call with Bailey and Lois Smith, Lynch's direct supervisor. Compl. ¶¶ 24, 32. Lynch said that he was firing Bailey because of the time he had missed work and his inability to return to "one hundred percent" work status. *Id.* Bailey tried to explain the consultant's error, but Lynch said the decision to fire Bailey was final. Compl. ¶ 25.

Bailey left several messages with AmeriGas's human resources department, but no one returned his calls. *Id.* AmeriGas later said that Bailey was fired because he could not pass the physical exam necessary for a commercial driver's license, which was essential for his job. Compl. ¶ 26. Bailey had a valid commercial driver's license when he was fired. *Id.*

On June 22, 2011, Bailey sued AmeriGas, alleging violations of the Americans with Disabilities Act of 1990 (the "ADA"),[3]

---

[3] 42 U.S.C. §§ 12101, *et seq.*

Title I of the Civil Rights Act of 1991 ("Title I"),[4] the Age Discrimination in Employment Act of 1967 (the "ADEA"),[5] and the FMLA. On August 8, 2011, AmeriGas moved to dismiss for failure to state a claim. ECF No. 4. On September 8, 2011, Bailey opposed that motion and moved to amend the complaint to drop all but the ADA claims. ECF Nos. 8, 10. On September 21, 2011, AmeriGas opposed Bailey's motion to amend the complaint and replied to Bailey's opposition to the motion to dismiss. ECF No. 11.

II. Analysis

  A. Motion to Amend the Complaint

The Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This directive gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citation and quotation marks omitted). Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Id.* An amendment

---

[4] 42 U.S.C. §§ 1981a, *et seq.*

[5] 29 U.S.C. §§ 621, *et seq.*

is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Bailey moved for leave to amend the complaint to drop all but the ADA claims and add the following details: (1) before his injury, he "received positive performance evaluations and was performing his duties to AmeriGas'[s] legitimate expectations," (2) after he was fired, he asked whether any other jobs were available, but AmeriGas said no, and (3) Bailey "believes that the basis for his termination was merely a pretext" and AmeriGas fired him because his back injury "and/or cardiac condition[6] substantially limited him from major life activities." ECF No. 9-1 at 4, 6. Bailey counters that the amended complaint would not survive a motion to dismiss because it "offers nothing more than labels and conclusions and a formulaic recitation of the elements of a cause of action." ECF No. 11 at 3 (internal citation and quotation marks omitted).

The Court will allow Bailey to amend his complaint. AmeriGas has not alleged bad faith, and allowing the amendment would not be prejudicial[7]: the amended complaint drops most of Bailey's claims and adds only three additional factual allegations, which AmeriGas addressed in its reply brief. ECF

---

[6] Neither the original complaint nor the proposed amended complaint gives more details on Bailey's cardiac condition.

[7] *See Matrix Capital Mgmt. Fund, LP*, 576 F.3d at 193.

No. 11. Because the parties now dispute only Bailey's ADA claims, the Court will analyze only those claims on the motion to dismiss to determine whether amendment would be futile. *See Perkins*, 55 F.3d at 917. Accordingly, the Court will grant Bailey's motion to amend the complaint, and consider the amended complaint under AmeriGas's motion to dismiss.[8]

B. Motion to Dismiss

1. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

---

[8] *See Baldwin v. LIJ N. Shore Health Sys.*, 392 F. Supp. 2d 479, 481-82 (E.D.N.Y. 2005) (construing a motion to dismiss as "directed at the amended complaint" because the defendant had "addressed the amended complaint in its reply memorandum" and thus, would "not suffer any prejudice").

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134

(4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

2. AmeriGas's Motion to Dismiss

Bailey asserts that AmeriGas violated the ADA because it refused to make reasonable accommodations and fired him for having a disability. Am. Compl. ¶¶ 32, 37. AmeriGas argues that Bailey has failed to state a claim under the ADA because he has not shown that (1) he is a member of a protected class, (2) he was meeting AmeriGas's legitimate expectations as a service supervisor, and (3) his discharge raised a reasonable inference of unlawful discrimination.[9] ECF No. 4 at 9-11.

a. Protected Class

Bailey's claims for unlawful termination and failure to make a reasonable accommodation require a showing that he is "within the ADA's protected class" - that is, that he has a

---

[9] AmeriGas also argued that Bailey could not bring a disability discrimination claim under the ADA while bringing claims of age discrimination and retaliatory discharge for exercising his rights under the FMLA. ECF No. 4 at 12. Because the amended complaint no longer includes the age discrimination and FMLA claims, this argument is moot.

disability within the meaning of the statute.[10] An individual is disabled if he (1) has a physical or mental impairment that substantially limits one or more of his major life activities, (2) has a record of such an impairment, or (3) has been regarded as having such an impairment. *Rohan*, 375 F.2d at 272. A person "is regarded as disabled within the meaning of the ADA if a covered entity mistakenly believes that the person's actual, nonlimiting impairment substantially limits one or more major life activities."[11]

Bailey's amended complaint asserts that he was fired because Amerigas "perceived him as disabled in that the injury to his back . . . substantially limited him from . . . lifting

---

[10] *See Rohan v. Networks Presentations LLC*, 375 F.2d 266, 272 (4th Cir. 2004); *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 (4th Cir. 2001).

[11] *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516, 521-22 (1999). Under an amendment that took effect January 1, 2009, a person is now regarded as disabled if a prohibited action is taken based on an actual or perceived impairment, "whether or not that impairment limits or is perceived to limit a major life activity." ADA Amendments Act of 2008, Pub. L. 11-325, 122 Stat. 3553, *amending* 42 U.S.C. § 12102(3). The alleged discrimination here took place no later than October 24, 2008 -- when Bailey was fired -- and the ADA Amendments Act does not apply retroactively. *Cochran v. Holder*, 436 F. App'x 227, 232 (4th Cir. 2011). *Accord Becerril v. Pima County Assessor's Office*, 587 F.3d 1162, 1164 (9th Cir. 2009); *Lytes v. D.C. Water & Sewer Auth.*, 572 F.3d 836, 941 (D.C. Cir. 2009); *Fredricksen v. United Parcel Serv., Co.*, 581 F.3d 156, 521 n.1 (7th Cir. 2009); *Millholland v. Summer County Bd. of Educ.*, 569 F.3d 562, 565-67 (6th Cir. 2009); *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 n.8 (5th Cir. 2009). Thus, the *Murphy* "regarded as" definition applies here.

or working." Am. Compl. ¶ 28. AmeriGas argues that Bailey must show that the company regarded him "as unable to perform *a class of jobs*," not simply the job from which he was fired. ECF No. 11 at 6 n.2 (emphasis in original). AmeriGas also appears to argue that lifting is not a major life activity.[12]

"Major life activities refer to those activities that are of central importance to daily life."[13] "To be substantially limited in the major life activity of working, . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice."[14] Thus, a plaintiff must show that he is, or perceived to be, "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Toyota Motor Mfg., Ky., Inc.*, 534 U.S. at 200.

---

[12] *See* ECF No. 4 at 10 (citing *Taylor v. Wal-Mart Stores, Inc.*, 376 F. Supp. 2d 653, 660-61 (E.D. Va. 2005) (plaintiff did not show how his inability to lift, carry, push, or pull more than 40 pounds restricted him in any way from doing activities "of central importance" to life)).

[13] *A Helping Hand, LLC v. Baltimore County*, 515 F.3d 356, 367 (4th Cir. 2008) (citing *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002)) (internal quotation marks omitted).

[14] *Taylor v. Fed. Express Corp.*, 429 F.3d 461, 464 (4th Cir. 2005) (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999)) (internal quotation marks omitted).


Bailey has sufficiently pled that AmeriGas believed that he was substantially limited in the major life activity of working. He has alleged that he suffered a herniated disc, he was temporarily unable to lift more than 10 pounds, an AmeriGas consultant found that this disqualified him for his job, and AmeriGas fired him because he could not return to "one hundred percent" work status. Am. Compl. ¶¶ 15, 17, 22, 24. In addition, Bailey asserts that AmeriGas told him that it "had no [other] positions available for him." Am. Compl. ¶ 26. These allegations make it plausible that AmeriGas thought that Bailey's back injury restricted him from performing a range of jobs, not just the job from which he was fired. *See Toyota Motor Mfg., Ky., Inc.*, 534 U.S. at 200; *A Helping Hand, LLC*, 515 F.3d at 367. Accordingly, Bailey has sufficiently pled that he is disabled within the meaning of the ADA.[15]

---

[15] Because Bailey has sufficiently pled that AmeriGas regarded him as substantially limited in his ability to work, the Court need not decide now whether lifting was also of central importance to his life. The 2009 amendment enumerated lifting as a major life activity, *see* 42 U.S.C. § 12102(2), as did the pre-amendment ADA interpretive guidelines, *see, e.g., Parkinson v. Anne Arundel Med. Ctr.*, 214 F. Supp. 2d 511, 515 (D. Md. 2002). When considering the evidence on a motion for summary judgment, however, some courts have found that lifting does not constitute a major life activity in the plaintiff's life. *See, e.g., Fitch v. Solipsys Corp.*, 94 F. Supp. 2d 670, 676 (D. Md. 2000) ("Whereas an employee engaged in manual labor who regularly and routinely engages in heavy and medium labor might qualify as 'disabled' by a . . . restriction against . . . lifting more than 25 pounds, a white collar worker who relies

b. Meeting the Employer's Legitimate Expectations

To make a *prima facie* case of wrongful discharge under the ADA, a plaintiff must also show that, at the time of his discharge, "he was performing the job at a level that met his employer's legitimate expectations." *Rhoads*, 257 F.3d at 387 n.11. AmeriGas argues that the amended complaint merely "mimics the language of *Rhoads*," and thus, fails to provide anything more than "a formulaic recitation of the elements" of a wrongful discharge claim. ECF No. 11 at 4 (internal citation and quotation marks omitted). The Court disagrees. Bailey has alleged that he worked as a service supervisor for about two years before his surgery, and "received positive performance evaluations." Am. Compl. ¶¶ 11, 13, 15. Thus, he has pled specific facts in support of his allegation that he met AmeriGas's legitimate expectations.

c. Reasonable Inference of Unlawful Discrimination

A *prima facie* case of wrongful discharge also requires the plaintiff to show that "his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Rhoads*, 257 F.3d at 387 n.11. AmeriGas contends that Bailey has "not state[d], even in general terms," the basis for believing that AmeriGas fired him because of a

---

upon highly specialized computer skills simply is not 'disabled' by such a restriction").

perceived disability. ECF No. 11 at 4-5. The Court disagrees. Bailey has alleged that he suffered a herniated disc, he was temporarily unable to lift more than 10 pounds, an AmeriGas consultant found that this disqualified him for his job, AmeriGas fired him shortly thereafter, and the company told him it "had no [other] positions available for him." Am. Compl. ¶¶ 15, 17, 22, 24, 26. These facts are enough to support a plausible inference that AmeriGas fired Bailey because it thought he was disabled.[16] Bailey's factual allegations are sufficient to survive AmeriGas's motion to dismiss.

III. Conclusion

For the reasons stated above, Bailey's motion for leave to amend the complaint will be granted, and AmeriGas's motion to dismiss will be denied.

_1/30/12_  
Date

_/s/ William D. Quarles, Jr._  
William D. Quarles, Jr.  
United States District Judge

---

[16] The Court rejects AmeriGas's contention that the complaint must be dismissed because Bailey's allegations lack credibility. ECF No. 11 at 5-6. The motion-to-dismiss stage is not the time for the Court to resolve "contests surrounding the facts" or "the merits of a claim." *Presley*, 464 F.3d at 483.